**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ADRIANA FLORES,

        Plaintiff,

v.                                    No.:

AMBERCARE CORPORATION

        Defendant.

**ANSWER TO COMPLAINT FOR DAMAGES FOR PERSONAL INJURY**

**COMES NOW**, DEFENDANT AMBERCARE CORPORATION, by and through its counsel of record STIFF, KEITH & GARCIA, LLC (Ann L. Keith, Esq.), and for its Answer to Plaintiff's Complaint for Damages for Personal Injury states as follows:

**PARTIES, JURISDICTION AND VENUE**

1.      Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

2.      The allegations contained in Paragraph 2 of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a response by the Defendant, these allegations are denied and strict proof is demanded thereof.  Defendant states it was purchased by Addus HomeCare, Inc., a Delaware Corporation with its principal place of business in Frisco, Texas.

3.      The allegations contained in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law and speculative statements.  Under the Rules of Civil Procedure, no response is required.  To the extent a court construes these allegations to require a

1

response by the Defendant, these allegations are denied and strict proof is demanded thereof.

## FACTS

4.    Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.    Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.    Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 7 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

8.    Defendant admits the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.    Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

10.    Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint and demands strict proof thereof

12.     Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint and demands strict proof thereof.

13.     Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14.     Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15.     Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and demands strict proof thereof.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19.     Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 19 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

20.     Defendant is without sufficient knowledge or authority with which to either admit or deny the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint and placing its denial upon the same, demands strict proof thereof.

21.     Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint and demands strict proof thereof.

22.     Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint and demands strict proof thereof.

23.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

24.     Defendant denies the allegations contained in Paragraph 24 of Plaintiff's Complaint and demands strict proof thereof.

25.     Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint and demands strict proof thereof.

26.     Defendant denies the allegations contained in Paragraph 26 of Plaintiff's Complaint and demands strict proof thereof.

27.     Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint and demands strict proof thereof.

28.     Defendant denies the allegations contained in Paragraph 28 of Plaintiff's Complaint and demands strict proof thereof.

29.     Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint and demands strict proof thereof.

30.     Defendant denies the allegations contained in Paragraph 30 of Plaintiff's Complaint and demands strict proof thereof.

31.     Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

As separate and alternative affirmative defenses, Defendants state as follows:

1.     To the extent a jury determines that Defendant was negligent, which is specifically denied, this Complaint shall be governed by the doctrines of Comparative Fault and Comparative Negligence.  Plaintiff's recovery as against Defendant will be barred or reduced in proportion to the negligence and/or comparative fault of Plaintiff and/or third parties who are not employed by or otherwise under the control of Defendant, thereby barring such recovery or reducing such recovery in an amount proportionate.

2.     To the extent discovery so warrants, Plaintiff may have failed to mitigate her damages, thereby barring recovery herein or reducing such recovery in an amount proportionate.

3.     Plaintiff's Complaint fails to state a claim for which relief can be granted, either in whole or in part, thereby barring recovery herein.

4.     Plaintiff's Complaint for pre- and post-judgment interest fails to state a claim for which relief can be granted, thereby barring recovery herein.

5.     Plaintiff's Complaint may be barred by the Doctrine of Independent and Intervening Cause or Force, thereby barring recovery herein.

6.     The award of punitive damages against Defendant would violate provisions of the New Mexico and United States Constitutions.  The procedures for awards of punitive damages do not provide safeguards adequate to ensure due process is guaranteed by the Fourteenth Amendment to the United States Constitution in that:

a.     There are no statutory limits placed on the amount of punitive damage that a jury may award;

b.     The jury is insufficiently limited in its discretion to award punitive damages;

c.      The "preponderance of evidence" standard of proof, is not high enough to satisfy due process where a Defendant faces a punitive damage award.

7.      Plaintiff suffered no injury or damage as a result of any act or failure to act of Defendant.

8.      Plaintiff fails to state a claim under *Delgado v. Phelps Dodge Chino, Inc.,* 31 N.M. 272, 34 P.3d 1148, 2001-NMSC-034.

9.      To the extent further discovery indicates, Defendant may raise additional affirmative defenses through motion or in such other manner the Court deems just to avoid manifest injustice.

**WHEREFORE** Defendant, Ambercare Corporation, having answered Plaintiff's Complaint for Damages for Personal Injury, prays:

a.  That the Complaint be dismissed with prejudice;

b.  For an award of costs and attorneys' fees; and

c.  For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

STIFF, KEITH & GARCIA, LLC

By */s/ Ann L. Keith*
Ann L. Keith, Esq.
400 Gold Avenue, SW, Suite 1300
Albuquerque, New Mexico 87102
Phone:       (505) 243-5755
E-mail:       akeith@stifflaw.com
*Attorney for Defendant*

I HEREBY CERTIFY that on the 13th day of May, 2019, the foregoing was electronically filed through the CM/ECF File & Serve system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Michael C. Ross, Esq.
Elias Law, P.C.
111 Isleta Blvd SW, Ste. A
Albuquerque, NM  87105
Phone:       (505) 221-6000
E-mail:       mike@abogadoelieas.com
*Attorney for Plaintiff*


*/s/ Ann L. Keith*
Ann L. Keith, Esq.